[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE CUTPA COUNT OF COMPLAINT
This is a lawsuit against an insurance company which arises out of the defendant insurer's alleged failure to pay a no fault claim. Essentially, the defendant moves to strike Count 3 of the Amended Complaint dated October 16, 1992 because it alleges but one failure to pay a claim of one plaintiff and does not set out a general course of conduct. CT Page 10872
In Mead v. Burns, 199 Conn. 651, 665, the Connecticut Supreme Court dealt with the necessary elements of a cause of action against an insurance company to support an action under the Connecticut Unfair Trade Practices Act for claims practices which must be pled and proved. A litigant complaining of unfair insurance practices is entitled to maintain a cause of action under the Connecticut Unfair Trade Practices Act as defined by 38-61 of the General Statutes (id 665-666). Griswold v. Union Labor Life Insurance Co., 186 Conn. 507, 520. Our Supreme Court has determined that a plaintiff may not pursue a CUTPA violation for a single failure to investigate a claim, Mead v. Burns, 664; and that the legislature determined that isolated instances of unfair insurance practices are not so violative of the public policy of this State as to warrant statutory intervention. Some "general course of conduct" must be pled and proved Mead v. Burns, 199 Conn. 666.
No such course of conduct has been pled by the plaintiff in his CUTPA count. The plaintiff has pled only a failure to pay one claim.
The defendant's, Metropolitan Property and Casualty Insurance Company, Motion to Strike the Third Count of the plaintiff's, Howard Laks, complaint is granted pursuant to the Supreme Court's decision in Mead v. Burns, 199 Conn. 651, 665-661.
If the plaintiff contemplates filing discovery to determine existence of any such general practice, such as that suggested in Mead, the court orders that the plaintiff file with the Clerk a notice of interrogatories or deposition within 20 days of this decision and upon such a filing, the date for pleading over of the third count of the plaintiff's complaint is extended, without further order of the court, for a period of 60 days from the date of this decision.
If no such Notice is filed with the Clerk, the normal time period for pleading over which the rules provide shall apply.
FLYNN, J. CT Page 10873